**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

**LETTER OPINION**

January 13, 2010

James Langton
Langton & Alter, Esqs.
2096 St. Georges Avenue
P.O. Box 1798
Rahway, New Jersey 07065
    (*Attorney for Plaintiff*)

Karen T. Callahan
Social Security Administration
26 Federal Plaza
Room 3904
New York, New York 10278
    (*Attorneys for Defendant*)

    RE:  **McGill v. Commissioner of Social Security**
           **Civ. No. 09-3217 (WJM)**

Dear Counsel:

    Plaintiff Marsha McGill seeks review of a final determination by the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income ("SSI") benefits. On appeal to this Court, Plaintiff contends that the Commissioner's administrative decision disallowing her claim should be reversed or, in the alternative, vacated and remanded to allow for the consultation of a vocational expert at step five of the sequential analysis. Notably, the Commissioner joins in Plaintiff's request that the matter be remanded for further proceedings pursuant to the

fourth sentence of 42 U.S.C. § 405(g).  After consideration of the parties' filings and the law, and for the reasons set forth below, the Commissioner's decision will be **VACATED** and **REMANDED** for reconsideration consistent with this opinion.

I.    BACKGROUND

Plaintiff filed an application for SSI on May 11, 2006, alleging disability dating back to December 31, 2001.  (Pl.'s Br. 1.)   Plaintiff's alleged disability is depression.  (Pl.'s Br. 19.)

Administrative Law Judge ("ALJ") James Andres denied Plaintiff's claim on October 2, 2008, finding that she retained the residual functional capacity ("RFC") to perform jobs that existed in significant numbers in the national economy and thus was not disabled.  Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council, which was denied on May 7, 2009.  On July 2, 2009, Plaintiff filed an action in this Court against the Commissioner, seeking reversal of the ALJ's decision denying benefits.

II.   DISCUSSION

    A.    <u>The Five-Step Sequential Analysis</u>

At the administrative level, a five-step process is used to determine whether an applicant is entitled to benefits. 20 C.F.R. §§ 404.1520, 416.920. In the first step, the Commissioner determines whether the claimant has engaged in substantial gainful activity since the onset date of the alleged disability. *Id.* §§ 404.1520(b), 416.920(b). If not, the Commissioner moves to step two to determine if the claimant's alleged impairments qualify as "severe." *Id.* §§ 404.1520(c), 416.920(c). If the claimant has a severe impairment or impairments, the Commissioner inquires in step three as to whether the impairment or impairments meet or equal the criteria of any impairment found in the Listing of Impairments. 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A. If so, the claimant is automatically eligible to receive benefits (and the analysis ends); if not, the Commissioner moves on to step four. *Id.* §§ 404.1520(d), 416.920(d). In the fourth step, the Commissioner decides whether, despite any severe impairment(s), the claimant retains the Residual Functional Capacity ("RFC") to perform past relevant work. *Id.* §§ 404.1520(e)-(f), 416.920(e)-(f). The claimant bears the burden of proof at each of these first four steps. At step five, the burden shifts to the Social Security Administration to demonstrate that the claimant is capable of performing other jobs that exist in significant numbers in the national economy in light of the claimant's age, education, work experience and RFC. 20 C.F.R. §§ 404.1520(g), 416.920(g); *see Poulos v. Comm'r of Soc.*

*Sec.*, 474 F.3d 88, 91-92 (3d Cir. 2007) (citations omitted).

In the instant case, the ALJ found, and Plaintiff does not dispute, that (1) Plaintiff is not currently engaged in substantial gainful activity; (2) she suffers from depression; (3) this impairment is not listed in Appendix 1 of 20 C.F.R part 404, subpart P; and, (4) she is unable to perform any past relevant work. (R. 15-18.) The question is thus whether the ALJ properly determined at step five that jobs exist in significant numbers in the national economy that Plaintiff is capable of performing.

      B.      <u>The ALJ's Use of the Medical-Vocational Guidelines at Step Five</u>

Plaintiff claims that the ALJ lacked substantial support for applying the Grids at step five. Specifically, Plaintiff argues that the ALJ erred in failing to consult a vocational expert in determining that Plaintiff's depression – a non-exertional impairment – had little or no effect on her occupational base of unskilled sedentary work. The Commissioner notably agrees and requests a remand. *See* Def.'s Br. 2-3. This Court concurs.

The ALJ's reliance on the Grids in the presence of Plaintiff's non-exertional impairment constitutes reversible error under *Sykes v. Apfel*, 228 F.3d 259 (3d Cir. 2000). In *Sykes*, the Third Circuit emphasized:

> "[I]n the absence of a rulemaking establishing the fact of an undiminished occupational base, the Commissioner cannot determine that a claimant's nonexertional impairments do not significantly erode his occupational base under the medical-vocational guidelines without either taking additional vocational evidence establishing as much or providing notice to the claimant of his intention to take official notice of this fact (and providing the claimant with an opportunity to counter the conclusion)."

*Sykes*, 228 F.3d at 261.

Here, the ALJ solely relied on the Grids and failed to cite to any other resource in his determination that "these limitations have little or no effect on the occupational base of unskilled sedentary work." (R. at 19.) This conclusory determination was made without either: (1) taking additional vocational evidence establishing that fact, (2) consulting a treatise, or (3) providing notice to Plaintiff of the ALJ's intent to take official notice, along the with opportunity to counter such conclusion. Consistent with *Sykes*, the ALJ's finding, therefore, is remanded with instructions to obtain additional vocational evidence to determine the impact of Plaintiff's non-exertional limitations on her occupational base. If the ALJ chooses to rely on official notice to establish that Plaintiff's non-exertional limitations do not significantly diminish the occupational base

for unskilled work, the ALJ must give Plaintiff a chance to object and respond.

While Plaintiff asks the Court to go one step further and deem her to be "disabled" under the Social Security Act, she has presented no arguments that would allow the Court to make this finding. Further, this Court is "not permitted to weigh the evidence or substitute [its] own conclusions for that of the fact-finder." *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir.2002) (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir.1992)). Accordingly, this Court remands this matter to allow the ALJ[1] to develop the record and make a proper determination as to whether jobs exist in the national economy for Plaintiff.

### III. CONCLUSION

For the foregoing reasons, the Court finds that the ALJ's analysis erred at the fifth step of the five-step sequential analysis. Accordingly, the decision of the ALJ is **VACATED** and **REMANDED** for reconsideration consistent with this opinion. An appropriate order follows.

/s/ William J. Martini
**William J. Martini, U.S.D.J.**

---

[1] Plaintiff also requests that this matter be remanded to a different ALJ; however, she provides no legal support for this proposition. (Pl.'s Br. 33.) Accordingly, this request is denied.